```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                       Case No. 19-03277-HWV
Matthew T. Anders                                            Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0314-1         User: KADavis             Page 1 of 2       Date Rcvd: Sep 16, 2019
                             Form ID: pdf002           Total Noticed: 24
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2019.
```
db            +Matthew T. Anders,    11540 Burkett Lane,    Greencastle, PA 17225-9348
5229544       +Arcadia Bureau, LLC,    PO Box 6768,    Reading, PA 19610-0768
5229549        Bureau Of Individual Taxes,    Po Box 280432,    Harrisburg, PA 17128-0432
5229548        Bureau of Collections & Services,    PO Box 281041,    Harrisburg, PA 17128-1041
5229551       +Eberly's Plumbing & Heating,    9187 Rabbit Road South,    Greencastle, PA 17225-9399
5229552       +Elizabeth Martin, Tax Collector,    14024 Bain Road,    Mercersburg, PA 17236-9516
5229553       +Franklin County Tax Bureau,    443 Stanley Avenue,    Chambersburg, PA 17201-3628
5229554       +Franklin Co Drs,    218 N 2nd St,    Chambersburg, PA 17201-1642
5229559        PA Department of Revenue,    PO Box 281210,    Harrisburg, PA 17128-1210
5232051        State Farm,    Subrogation Services,    PO Box 106172,    Atlanta, GA 30348-6172
5229562        TAMMY SPRINGER TAX COLLECTOR,    77351 ROYER ROAD,    MERCERSBURG, PA 17236
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr            +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 16 2019 19:41:44
               PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5229547        E-mail/Text: bankruptcy@bbandt.com Sep 16 2019 19:35:15      BB&T,   Attn: Bankruptcy,
               Po Box 1847,    Wilson, NC 27894
5229545        E-mail/Text: bankruptcy@bbandt.com Sep 16 2019 19:35:15      BB&T,   In Care of Bankruptcy Dept,
               Po Box 1847,    Wilson, NC 27894
5229550       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 16 2019 19:41:16       Capital One,
               Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
5239032        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 16 2019 19:40:54
               Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
               Charlotte, NC  28272-1083
5229555       +E-mail/Text: cio.bncmail@irs.gov Sep 16 2019 19:35:13      Internal Revenue Service,
               P.O. Box 7346,    Philadelphia, PA 19101-7346
5229556        E-mail/Text: camanagement@mtb.com Sep 16 2019 19:35:18      M & T Bank,   Attn: Bankruptcy,
               Po Box 844,    Buffalo, NY 14240
5229557       +E-mail/PDF: cbp@onemainfinancial.com Sep 16 2019 19:40:49      ONE MAIN FINANCIAL,   P.O. BOX 64,
               EVANSVILLE, IN 47701-0064
5229558       +E-mail/PDF: cbp@onemainfinancial.com Sep 16 2019 19:41:36      OneMain Financial,
               Attn: Bankruptcy,    601 Nw 2nd Street,    Evansville, IN 47708-1013
5239823       +E-mail/PDF: cbp@onemainfinancial.com Sep 16 2019 19:41:11      OneMain Financial,   PO Box 3251,
               Evansville, IN 47731-3251
5231937        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 16 2019 19:35:30
               Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
               Harrisburg, PA  17128-0946
5231099       +E-mail/PDF: gecsedi@recoverycorp.com Sep 16 2019 19:40:53      Synchrony Bank,
               c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5229561       +E-mail/PDF: gecsedi@recoverycorp.com Sep 16 2019 19:41:40      Synchrony Bank/Care Credit,
               Attn: Bankruptcy Dept,    Po Box 965060,    Orlando, FL 32896-5060
                                                                                              TOTAL: 13

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5229543        Carla M Phillips
5229546*      ++BB AND T,   PO BOX 1847,    WILSON NC 27894-1847
               (address filed with court: BB&T,    In Care of Bankruptcy Dept,    Po Box 1847,
                 Wilson, NC 27894)
5229560*       PA Department of Revenue,    PO Box 281210,    Harrisburg, PA 17128-1210
                                                                                   TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2019                                    Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 16, 2019 at the address(es) listed below:

        Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
        James  Warmbrodt   on behalf of Creditor   LAKEVIEW LOAN SERVICING LLC bkgroup@kmllawgroup.com
        Mark A. Buterbaugh   on behalf of Debtor 1 Matthew T. Anders Mooneybkecf@gmail.com,
         buterbaughmr61895@notify.bestcase.com
        United States Trustee   ustpregion03.ha.ecf@usdoj.gov

                                                      TOTAL: 4

Rev. 12/1/18

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE:<br>**Matthew T. Anders** | CHAPTER 13<br>CASE NO. |
|---|---|
| | ■ ORIGINAL PLAN<br>_____ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>☐ Number of Motions to Avoid Liens<br>■ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**29,100.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/19 | 07/24 | 485.00 | 0.00 | 485.00 | 29,100.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $29,100.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

Case 1:19-bk-03277-HWV    Doc 20    Filed 09/18/19    Entered 09/19/19 00:41:47    Desc
Imaged Certificate of Notice    Page 3 of 7

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

■ Debtor is over median income. Debtor(s) estimates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
___

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
___

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

■ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M & T Bank | 11540 Burkett Lane Greencastle, PA 17225 Franklin County | 5639 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*
■ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
■ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

■ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Bureau of Collections & Services | Tax year 2017 Personal Income Tax | $102.54 | 0% | $102.54 | Plan |
| Bureau Of Individual Taxes | Date of notice (01-11-2019) | $2,116.73 | 0% | $2,116.73 | Plan |
| Elizabeth Martin, Tax Collector | Franklin County Real Estate Tax Notice | $402.83 | 0% | $402.83 | Plan |
| Franklin County Tax Bureau | 2015-2018 tax returns | $2,817.73 | 0% | $2,817.73 | Plan |
| Franklin Co Drs | Family Support | $4,197.00 | 0% | $4,197.00 | Plan |
| Internal Revenue Service | 2018 Federal Tax | $796.24 | 0% | $796.24 | Plan |
| PA Department of Revenue | 2016 and 2018 Taxes | $4,031.00 | 0% | $4,031.00 | Plan |
| TAMMY SPRINGER TAX COLLECTOR | | $1,658.78 | 0% | $1,658.78 | Plan |

   F. **Surrender of Collateral.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

   G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

■ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.    **PRIORITY CLAIMS.**

   A.    **Administrative Claims**

      1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. Attorney's fees. Complete only one of the following options:

         a.    In addition to the retainer of $ **202.00** already paid by the Debtor, the amount of $ **3,798.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

         b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
         *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B.    **Priority Claims (including, certain Domestic Support Obligations**

■ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ■   plan confirmation.
    ☐   entry of discharge.
    ☐   closing of case.

7. **DISCHARGE: (Check one)**

    ■  The debtor will seek a discharge pursuant to § 1328(a).

    ☐  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **July 29, 2019**

/s/ Mark A. Buterbaugh
**Mark A. Buterbaugh**
Attorney for Debtor

/s/ Matthew T. Anders
**Matthew T. Anders**
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5